UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YURY MOSHA,                                                          Case No.:

                                                                                     **NOTICE OF
                                                                     REMOVAL PURSUANT
             Plaintiff,                                              TO 28 USC §§ 1441 AND 1446**

    -against-

YANDEX INC.,


            Defendant.
------------------------------------------------------------x

    Pursuant to 28 USC §§ 1441, 1446, Defendant Yandex Inc. ("Defendant") hereby removes this action from the Supreme Court of the State of New York, County of New York (where it is bearing index no. 100657/2018)(the "State Court Action") to the United States District Court, Southern District of New York.

    1. The basis for such removal is 28 USC § 1332(a) as i) the amount in controversy exceeds $75,000.00[1] and ii) there is a diversity of citizenship between a) plaintiff Yury Mosha ("Plaintiff"), who purports to be a citizen of New York as he alleges in the Summons and Complaint in the State Court Action and b) Yandex, Inc., a Delaware Corporation having a principal place of business in Massachusetts with a principal business address of 38R Merrimac Street, Suite 201, Newburyport, MA 01950 USA and which is a citizen of Delaware and Massachusetts.

    2. In addition, an alternative grounds for removal is also warranted by 28 USC § 1441 based on the doctrine of complete pre-emption. e.g. <u>Beneficial National Bank v. Marie Anderson</u>, 123 S. ct. 2058, 156 L.E.2d 1, 71 USLW 4409 (2003). The Complaint in the State Court Action purports to set forth state common law claims of libel and tortious interference with contractual relations[2]. These claims are completely preempted by the Communications Decency Act, 47 USC §

---

[1] The Summons and Complaint in the State Court Action alleges monetary damages in the amount of $100,000.00 (one hundred thousand dollars) plus interest, costs, and attorneys' fees.
[2] While the complaint purports to set forth claims for libel and tortious interference of contractual relations neither of these claims are properly pleaded.

230. Plaintiff's common law claims are based on alleged defamatory posting on the Internet. 47 USC § 230 provides Defendant with complete immunity under such common law claims.

  3. The State Court Action was commenced on May 18, 2018. On May 20, 2018 Defendant received by electronic mail a partial copy of the Summons and Complaint (Exhibit A hereto)[3]. On June 5, 2018, Plaintiff purported to effectuate service on Defendant by purporting to serve what appears to be a complete copy of the Summons and Complete. A copy of the Summons and Complaint which Plaintiff purported to serve on Defendant along the purported proof of service thereof is annexed hereto as Exhibit B. A Notice of Motion dated June 6, 2018 which Plaintiff purported to serve on Defendant by mail is annexed hereto as Exhibit C. No other process, pleadings, and/or orders have been served on or otherwise received by Defendant in the State Court Action.

  4. As required by 28 USC § 1446(d), Defendant is serving a copy of this Notice of Removal on Plaintiff and providing a copy to the clerk of the Supreme Court of the State of New York, New York County.

  5. Defendant reserves the right to assert all defenses, objections, and counterclaims to Plaintiff's Complaint.

  6. Pursuant to Local Civil Rule 81.1, Defendant further sets forth as follows:

  i. Plaintiff purports to be a citizen of New York as alleged in his Summons and Complaint (Exhibit B) though his true citizenship, domicile, and/or residence is not known with certainty by Defendant. Defendant has the following address information for Plaintiff: a) 85 Broad Street, New York, New York 10004; b) 588 W Fingerboard Rd, Staten Island, NY 10305; and c) 8, apt. 29, Mira St., Protvino, 142280 Moscow Region, Russian Federation.

  ii. Defendant is incorporated in Delaware and its principal place of business is 38R

---

[3] May 20th was a Sunday. The email and partial copy of the Summons and Complaint attached thereto were not actually seen (and hence actually received) until the following day, which was May 21, 2018.

Merrimac St., Suite 201, Newburyport, MA 01950. Defendant is a citizen of Massachusetts and Delaware. Plaintiff purports to have effectuated service on Defendant on June 5, 2017 but Defendant is contesting service.

WHEREFORE, Defendant submits this Notice of Removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York and pray this action stand so removed.

Dated: New York, New York
June 16, 2018

THE LAW OFFICES OF DANIEL A. SINGER PLLC
By:_____
Daniel A. Singer, Esq (DAS 0978)
Attorneys for Defendant
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 569-7853
info@dasingerlaw.com

To: Clerk of the Supreme Court of the State of New York, County of New York
60 Centre Street
New York, New York 10007

Yury Mosha
85 Broad Street
New York, New York 10004

Yury Mosha
588 W Fingerboard Rd
Staten Island, NY 10305

Yury Mosha
8, apt. 29, Mira St, Protvino,
142280 Moscow Region, Russian Federation.